Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)

KUSHNIRSKY GERBER PLLC
27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320
*Attorneys for Death Adders Inc. d/b/a Mishka NYC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————

DEATH ADDERS INC. d/b/a MISHKA NYC,

                 Plaintiff,

    v.

BLOOMINGDALES, INC., S8 APPAREL, INC.,
YUNITY, INC. d/b/a PIXIE DUST CLOTHING,
NECESSARY CLOTHING INC.,
CENTURY 21 DEPARTMENT STORES LLC,
PAUL YUN, KAYCI YUN,
and DOES 1-10,

                 Defendants.

———————————————————————

Case No.  17-cv-3053

**AMENDED COMPLAINT**

Plaintiff Death Adders Inc. d/b/a Mishka NYC ("Plaintiff" or "Mishka"), by its attorneys Kushnirsky Gerber PLLC, for its complaint against defendant Bloomingdales, Inc. ("Bloomingdale's"), S8 Apparel, Inc. ("S8"), Yunity, Inc. d/b/a Pixie Dust Clothing ("Pixie Dust"), Necessary Clothing Inc. ("Necessary Clothing"), Century 21 Department Stores LLC ("Century 21"), Paul Yun, Kayci Yun, and Does 1-10 (collectively, "Defendants") alleges as follows:

1

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, trademark dilution, copyright infringement, and unfair competition arising from Defendants' unauthorized use of Mishka's famous, federally registered trademark and copyrighted design.

2. Mishka is the exclusive owner of all trademark rights in and to the distinctive bloodshot eyeball logo, known as the "Keep Watch Eyeball," shown below, and variations thereof for various goods including jackets and embroidered patches.



3. The Keep Watch Eyeball was designed in 2007 and since then has been in continuous use on hundreds of products, including jackets and embroidered patches. The Keep Watch Eyeball is Mishka's most iconic image and is widely recognized as the Mishka logo. The Keep Watch Eyeball has become so well-known that Mishka has designed countless variations thereon, all of which are themselves associated by consumers with the Mishka brand.

4. Mishka owns a federal trademark registration for the Keep Watch Eyeball and a federal copyright registration for the design underlying the Keep Watch Eyeball.

5. Defendants have advertised and sold at least two distinct styles of leather jackets prominently featuring a counterfeit mark that is substantially indistinguishable from the Keep

Watch Eyeball.  Rather than sell authentic Mishka jackets, Defendants instead chose to source, purchase, advertise, and sell jackets prominently featuring counterfeit Mishka trademarks throughout the United States.  Even after being alerted to the counterfeit marks appearing on their jackets, Defendants have continued to advertise and sell the jackets, willfully infringing Mishka's exclusive trademark and copyright.

6.      Mishka asserts claims for trademark counterfeiting and infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*; unfair competition, false designation of origin, and dilution under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); dilution under New York General Business Law § 360-l; deceptive trade practices under New York General Business Law § 349; unfair competition under New York common law; and copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 *et seq.*  Plaintiff seeks injunctive relief, damages, and recovery of its costs and attorney's fees.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367, and under principles of pendent jurisdiction.  This Court has personal jurisdiction over the Defendants because the products that are the subject of this action were sold to retailers and consumers in this District.  Venue is proper under 28 U.S.C. § 1391(b) of the Judicial Code in that defendants Bloomingdale's, Necessary Clothing, and Century 21 all have several locations in this District, defendants Bloomingdale's, S8, Pixie Dust, Necessary Clothing, and Century 21 sell goods in this District, plaintiff Mishka sells goods in this District, and a substantial part of the events giving rise to the claims occurred in this District.

**PARTIES**

8.      Plaintiff Death Adders Inc. d/b/a Mishka NYC is a corporation organized and existing under the laws of the State of New York with a principal place of business at 276 Greenpoint Avenue, Brooklyn, New York 11222.

9.      Defendant Bloomingdale's, Inc. is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at c/o Macy's Corporate Services, Inc., 7 West 7th Street, Cincinnati, Ohio 45202.

10.      Defendant S8 Apparel, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business at 1004 Crocker Street, Los Angeles, California 90021.

11.      Yunity, Inc. d/b/a Pixie Dust Clothing is a corporation organized and existing under the laws of the State of California with a principal place of business at 1364 East 15th Street., Los Angeles, California 90021.

12.      Necessary Clothing Inc. is a corporation organized and existing under the laws of the State of New York with a principal place of business at 470 Broadway, New York, New York 10016.

13.      Century 21 Department Stores LLC is a limited liability company organized and existing under the laws of the State of New York with a principal place of business at 22 Cortlandt Street, New York, New York 10007.

14.      Paul Yun is an individual residing in Los Angeles, California and is the president and owner of defendant Pixie Dust Clothing.

15.      Kayci Yun is an individual residing in Los Angeles, California and is the president and owner of defendant S8.

4

16.     Defendant Does 1-10 is a reference to entities whose identities are unknown to Plaintiff at this time.  In connection with the named Defendants and their activities described herein, Does 1-10 have designed, manufactured, distributed, advertised, offered for sale and/or sold clothing items featuring counterfeit versions of the Keep Watch Eyeball mark, and continue to do so.  Plaintiff believes that information obtained in discovery will lead to the identification of the true identities and locations of Does 1-10 and permit Plaintiff to amend this Complaint and to state the same.

## FACTUAL BACKGROUND

A.     Mishka and the Keep Watch Eyeball

17.     Formed in Brooklyn in 2003, Mishka is a global alternative clothing and lifestyle brand widely known for its bold iconography and its unique fusion of hip-hop, street art, punk, and pop culture.  Frequently named among the most original and influential streetwear brands of the last decade,[1] Mishka has hundreds of thousands of fans around the world, including numerous professional athletes, musicians, and other fashion-conscious celebrities who are often seen and photographed wearing Mishka apparel.

18.     Mishka has been using the Keep Watch Eyeball as a logo and an overall representation of its brand since at least February 2007. Mishka sells hundreds of products that feature the Keep Watch Eyeball, including jackets and embroidered patches as shown below.

---

[1] *See, e.g.*, http://www.complex.com/style/2013/10/40-best-streetwear-brands-of-the-2000s/mishka.

  

19.     Mishka products have been distributed in interstate commerce throughout the United States, including in this judicial district, for over a decade.

20.     Mishka obtained U.S. Trademark Registration No. 85/538,059 for the Keep Watch Eyeball on September 11, 2012.  The trademark registration covers, among other goods, jackets in Class 25.  This registration is valid, subsisting, and in full force and effect.  The registration certificate for the Keep Watch Eyeball trademark is attached hereto as Exhibit A.

21.     Mishka is also the owner of U.S. Copyright Registration No. VA 1-867-122, effective April 2, 2013, that covers the design of the Keep Watch Eyeball. The corresponding registration certificate is attached hereto as Exhibit B.

22.     The Keep Watch Eyeball is Mishka's most iconic image and is widely recognized as the Mishka logo.  Because of Plaintiff's exclusive and extensive use of the Keep Watch Eyeball, the mark has acquired substantial value and goodwill, has become famous among the consuming public and trade, and is recognized as identifying and distinguishing Mishka exclusively and uniquely as the source of products sold under the mark.

6

B.      Defendants' Promotion and Sale of Infringing Counterfeit Goods

23.     Defendants S8 and Pixie Dust are clothing wholesalers and distributors that supply clothing to retail chains throughout the United States, including to Bloomingdale's, Necessary Clothing, and Century 21.  S8 and Pixie Dust operate interchangeably, with one selling goods sourced by the other.  The website address listed for Pixie Dust redirects to the S8 website.  Paul and Kayci Yun are the owners and presidents of S8 and Pixie Dust respectively and together manage the daily operations of both companies.

24.     Defendant Bloomingdale's is one of the largest designer clothing retailers in the world, with over $1 billion in annual revenue, more than forty department store locations, and a robust and popular e-commerce website at www.bloomingdales.com.

25.     Defendant Century 21 operates a large department store chain with multiple locations in New York City.

26.     Defendant Necessary Clothing is a discount clothing retailer with two locations in New York City and one location in Santa Monica, California.

27.     At least one of the Defendants sells and has sold authentic Mishka clothing. Defendants Necessary Clothing, Bloomingdale's, and Century 21 ship clothing and other merchandise to customers in New York and throughout the United States and around the world.

28.     Defendants S8 and Pixie Dust import inexpensive clothing from China and distribute it to retailers and clothing companies throughout the United States.  Defendants S8 and Pixie Dust intentionally and knowingly import clothing from Chinese manufacturers that S8 and Pixie Dust know sell counterfeit products.

29.     Upon information and belief, defendants S8 and Pixie Dust imported, marketed, and sold over 1,000 units of at least two types of jackets prominently featuring shoddy, counterfeit versions of the Keep Watch Eyeball (the "Counterfeit Jackets"), shown below.  The first two

7

photographs depict the "Faux Moto Jacket" and the last two photographs depict the "Gonzo Moto Jacket."








showroomsignature8    **Follow**

**38 likes**    12w

**showroomsignature8** #s8 #signature8 #allpatchedup #leatherjacket #veganleather with @necessaryclothing
#jacket #trendy #ootd #dailyinspiration #instafashion #fashionblogger #fashionista #fallfashion #todaysfashion #instadaily

**pandacookiss** haii there

**Log in** to like or comment.    o o o





showroomsignature8    **Follow**

**119 views**    11w

**showroomsignature8** #s8 #signature8 #allpatch #leatherjacket #motojacket #repost with @flyjane #whatiworetoday #todaysfashion #styleblogger #fashionweek #fashionblogger #instadaily #daily #ootd #patchjacket #veganleather

**Log in** to like or comment.    o o o





Gonzo Moto Jacket

30.    Neither S8 nor Pixie Dust are now, nor have ever been, affiliated with Mishka and neither has ever been licensed or otherwise authorized by Mishka to use the Keep Watch Eyeball on any products or in the advertising thereof.

31.    Defendants S8 and Pixie Dust sold over 1,000 units of these Counterfeit Jackets to retailers around the United States and overseas, some of which also sell authentic Mishka products.

32.    Defendants Paul and Kayci Yun directed, supervised, and controlled the infringing activity of S8 and Pixie Dust.  Among other things, Paul and Kayci Yun managed the day-to-day business of both entities, personally oversaw the sourcing and importation of counterfeit articles, and personally oversaw the distribution of counterfeit articles throughout the Unites States.

33.    Defendants Paul and Kayci Yun knowingly sourced clothing from manufacturers in China that they knew distributed counterfeit clothing.  Paul and Kayci Yun were each in positions to, and had the responsibility to, review and inspect clothing purchased from known

10

counterfeiters in China and determine whether the clothing being imported and distributed throughout the United States was legitimate or counterfeit. Paul and Kayci Yun were in positions to, and had the responsibility to, manage such relationships with suppliers for S8 and Pixie Dust, including Chinese suppliers that were known counterfeiters.

34.    Defendants Paul and Kayci Yun had a direct financial interest in, and stood to gain a direct financial benefit from, the infringing activity of S8 and Pixie Dust. As the sole and/or principal executives, managers, presidents, and/or owners of S8 and Pixie Dust, Paul and Kayci Yun stood to, and did, personally realize profits made by these business entities from the sale of counterfeits.

35.    Defendants Paul and Kayci Yun use S8 and Pixie Dust interchangeably, sourcing and distributing the Counterfeit Jackets through both entities. The website address listed for Pixie Dust redirects to the S8 website.

36.    Defendant Bloomingdale's has advertised and sold the Counterfeit Jackets in its stores and online and continued to advertise and sell the Counterfeit Jackets long after being notified of the unlawful nature of the products. Bloomingdale's has continued to advertise and display the Counterfeit Jackets long after the initial Complaint was filed in this Action. Bloomingdale's purchased the Counterfeit Jackets from S8 and Pixie Dust. Bloomingdale's infringing conduct has been willful.

37.    Defendant Necessary Clothing has advertised and sold the Counterfeit Jackets on its website and in its stores. Necessary Clothing purchased the Counterfeit Jackets from S8 and Pixie Dust.

38.    Century 21 has advertised and sold the Counterfeit Jackets on its website and in its stores. Century 21 purchased the Counterfeit Jackets from S8 and Pixie Dust.

11

39.    Defendants' infringing actions commenced years after Mishka began using the Keep Watch Eyeball mark, years after the Keep Watch Eyeball had achieved worldwide fame, and years after the Keep Watch Eyeball logo was federally registered in the U.S. Patent and Trademark Office.  Defendants' unauthorized use of Mishka's trademark is with actual notice of Mishka's superior prior rights therein by virtue of Mishka's federal trademark registration.

40.    Defendants S8 and Pixie Dust sold the Counterfeit Jackets to stores that also sell authentic Mishka clothing.  Sales of cheap counterfeit Mishka products directly supplant sales of authentic Mishka products in those stores and in the marketplace.  The use of counterfeit Mishka trademarks on cheap, shoddy products tarnishes and dilutes the Mishka trademark and Mishka brand.

41.    Upon information and belief, Defendants' use of the Keep Watch Eyeball mark is with the deliberate intent to ride on the fame and goodwill that Mishka has established in its brand and with the deliberate attempt to create a false impression as to the source and sponsorship of Defendants' products or to otherwise dilute the distinctiveness of Mishka's mark.  If Defendants' conduct is not enjoined, it will greatly injure the value of Mishka's mark and its ability to distinguish Mishka's goods.

42.    Defendants' infringing actions commenced years after Mishka sought and obtained a federal copyright registration for the design underlying the Keep Watch Eyeball.

43.    Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton. Defendants have engaged in willful unlawful use of a counterfeit version of Mishka's trademark.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADEMARK COUNTERFEITING - 15 U.S.C. § 1114**
**(Against All Defendants)**

44.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 43 above, and incorporates them herein by this reference.

45.     Defendants have willfully used a designation that is a counterfeit of the registered Keep Watch Eyeball mark on goods for which Plaintiff holds a federal trademark registration.

46.     Defendants have, without the consent of Plaintiff, used the counterfeit Keep Watch Eyeball mark in promotional advertising photographs in connection with the sale, offering for sale, and distribution of goods for their own financial gain.

47.     Plaintiff has not authorized Defendants' use of the Keep Watch Eyeball mark to advertise, offer for sale, sell, or distribute Defendants' counterfeit products.

48.     Defendants' unauthorized use of the Keep Watch Eyeball mark on or in connection with the advertising and sale of goods constitutes Defendants' use of Plaintiff's registered trademark in commerce.

49.     Defendants' unauthorized use of the Keep Watch Eyeball mark is likely to cause confusion, mistake, or deceive; cause the public to believe that Defendants' products are authorized, sponsored, or approved by Plaintiff when they are not; and result in Defendants unfairly and illegally benefitting from Plaintiff's goodwill.

50.     Accordingly, Defendants have engaged in trademark counterfeiting in violation of Sections 32(1)(a) and (b) of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b), and are liable to Plaintiff for all damages related thereto, including but not limited to actual damages, infringing profits, and/or statutory damages, as well as attorneys' fees.

51.     Defendants' acts have caused, and will continue to cause, irreparable injury to Plaintiff.

13

52.     Plaintiff has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

53.     Defendants' egregious conduct in repeatedly selling counterfeit merchandise bearing the unauthorized Keep Watch Eyeball mark is willful and intentional, and thus this constitutes an exceptional case.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT - 15 U.S.C. § 1114
### (Against All Defendants)

54.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 53 above, and incorporates them herein by this reference.

55.     Defendants' unauthorized use of Plaintiff's registered Keep Watch Eyeball trademark on the Counterfeit Jackets infringes on Plaintiff's exclusive rights in its mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), in that the public is likely to be or has been confused, mistaken, or deceived regarding the source or sponsorship of Defendants' products or by the appearance of a relationship between Plaintiff and Defendants that does not exist.

56.     Defendants are using the Keep Watch Eyeball trademark with full knowledge that it is associated exclusively with Plaintiff and exclusively designates Plaintiff's products. Defendants' conduct is intentionally fraudulent, malicious, willful, and wanton, and is conducted with an intent to reap the benefit of Plaintiff's goodwill in its trademark.

57.     Defendants' conduct is causing immediate and irreparable injury to Plaintiff, and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

14

**THIRD CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION, AND FALSE**
**DESIGNATION OF ORIGIN - 15 U.S.C. § 1125(a)**
**(Against All Defendants)**

58.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 57 above, and incorporates them herein by this reference.

59.     Plaintiff's Keep Watch Eyeball logo, when used on or in connection with jackets and other clothing items, is identified and associated in the public's mind exclusively with Plaintiff. Plaintiff's mark is famous, highly distinctive of Plaintiff's goods, and is entitled to the broadest scope of protection.

60.     Defendants' unauthorized use of Plaintiff's mark on the Counterfeit Jackets constitutes a false designation of origin and a false description or representation that Defendants' product originates from, or is offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

61.     By reason of the foregoing, Defendants have violated and are continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.     Defendants' acts of unfair competition are willful and deliberate and done with an intent to reap the benefit of the goodwill and reputation associated with Plaintiff's trademark.

63.     The aforesaid conduct is causing Plaintiff immediate and irreparable injury. Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**FEDERAL DILUTION - 15 U.S.C. § 1125(c)(1)**
**(Against All Defendants)**

64.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 63 above, and incorporates them herein by this reference.

65.     Plaintiff's Keep Watch Eyeball trademark is famous and well known throughout

15

the United States, having been used exclusively and extensively for many years. By reason of Plaintiff's extensive advertising and use, the Keep Watch Eyeball mark has become highly distinctive of Plaintiff's goods and is uniquely associated with Plaintiff.

66. Defendants' commercial use of a counterfeit mark that is substantially indistinguishable from Plaintiff's authentic Keep Watch Eyeball mark for their own commercial purposes has diluted and continues to dilute the distinctive quality of Plaintiff's famous mark by lessening its capacity to identify and distinguish Plaintiff exclusively as the source of goods bearing or provided under the mark, in violation of 15 U.S.C. § 1125(c).

67. Defendants' commercial use of such counterfeit mark further dilutes Plaintiff's mark by associating it with a product of inferior quality, thereby tarnishing Plaintiff's mark.

68. Defendants' use of such counterfeit mark is intended to trade on Plaintiff's reputation, and has the effect of trading on Plaintiff's reputation and causing dilution of Plaintiff's famous mark.

69. Defendants have no prior or concurrent rights in the Keep Watch Eyeball mark and cannot otherwise claim any lawful ability to use the Keep Watch Eyeball mark or any copies thereof.

70. The foregoing conduct is causing Plaintiff irreparable injury. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### DILUTION UNDER NEW YORK STATE LAW - N.Y. G.B.L. § 360-L
(Against All Defendants)

71. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 70 above, and incorporates them herein by reference.

72. Defendants' unauthorized use of a counterfeit mark that is substantially

indistinguishable from Plaintiff's Keep Watch Eyeball mark, is diluting and is likely to continue to dilute Plaintiff's mark both by lessening its capacity to identify and distinguish Plaintiff exclusively as the source of goods bearing or provided under the mark, and by tarnishing the mark through an association with a product of inferior quality.

73.     The foregoing conduct is causing Plaintiff irreparable injury.  Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF
### COMMON LAW UNFAIR COMPETITION
### (Against All Defendants)

74.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 73 above, and incorporates them herein by reference.

75.     Plaintiff's Keep Watch Eyeball mark, when used on or in connection with jackets and other clothing, is identified and associated in the public's mind exclusively with Plaintiff. Plaintiff's mark is famous, highly distinctive of Plaintiff, and entitled to the broadest scope of protection.

76.     Defendants' use of a counterfeit mark that is substantially indistinguishable from Plaintiff's Keep Watch Eyeball mark, constitutes a false designation of origin and a false description or representation that Defendants' products originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with Plaintiff, and is thereby likely to confuse consumers.

77.     Defendants' conduct constitutes common law unfair competition, which has damaged and will continue to damage Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.

17

**SEVENTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES - N.Y. G.B.L. § 349**
**(Against All Defendants)**

78.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 77 above, and incorporates them herein by this reference.

79.     By reason of the acts set forth above, Defendants have been and are engaged in deceptive acts or practices in the conduct of a business, trade, or commerce in violation of Section 349 of the New York General Business Law.

80.     The public is likely to be damaged as a result of Defendants' deceptive trade practices or acts.

81.     On information and belief, Defendants have willfully and/or knowingly violated Section 349 of the New York General Business Law.

82.     Unless enjoined by this Court under the provisions of Section 349 of the New York General Business Law, Defendants will continue their deceptive trade practices or acts, thereby deceiving the public and causing immediate and irreparable injury to Plaintiff.  Plaintiff has no adequate remedy at law.

**EIGHTH CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT - 17 U.S.C. § 501 *et seq*.**
**(Against All Defendants)**

83.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 82 above, and incorporates them herein by reference.

84.     Plaintiff is the legal owner of all right, title, and interest in the design underlying the Keep Watch Eyeball.  Plaintiff is the legal owner of the copyright in that work and owns a federal registration that was obtained prior to the unlawful acts by Defendants alleged herein.

18

85. Defendants have copied, reproduced, distributed, adapted, and/or publicly displayed the Keep Watch Eyeball design and elements thereof without the consent, permission, or authority of Plaintiff.

86. Defendants continued to advertise, display, offer for sale, and sell products that featured infringing copies of the Keep Watch Eyeball after receiving notice or, at the very least, constructive notice of the infringement by Plaintiff.

87. Defendants' conduct constitutes willful infringement of Plaintiff's copyright and exclusive rights in violation of 17 U.S.C. §§ 106 and 501.

88. Defendants' acts of infringement have been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of Plaintiff.

89. As a result of Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered and will continue to suffer damages in the United States and around the world in an amount yet to be determined.

90. Plaintiff is entitled to its actual damages and Defendants' profits related to the infringement both in the United States and around the world, pursuant to 17 U.S.C. § 504. Plaintiff may also elect, at any time before final judgment is rendered, to receive statutory damages in connection with Defendants' willful infringement, pursuant to 17 U.S.C. § 504.

91. Defendants will continue to willfully infringe Plaintiff's rights in the Keep Watch Eyeball unless restrained by the Court. Plaintiff is entitled to injunctive relief prohibiting further infringement, pursuant to 17 U.S.C. § 502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment as follows:

1.      Granting an injunction that permanently restrains and enjoins Defendants from copying, reproducing, distributing, adapting, selling, advertising, and/or publicly displaying the Counterfeit Jackets or any unlawful copy of the Keep Watch Eyeball or the Keep Watch Eyeball mark;

2.      Awarding Plaintiff such damages as it has sustained or will sustain by reason of Defendants' acts of trademark counterfeiting, infringement and unfair competition and trebling said amount pursuant to 15 U.S.C. § 1117.

3.      Requiring Defendants to account for and pay over to Plaintiff the profits, gains, and advantages obtained or derived by Defendants from their acts of trademark counterfeiting, infringement, and unfair competition and awarding Plaintiff treble the amount pursuant to 15 U.S.C. § 1117.

4.      Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117 of no less than two million dollars ($2,000,000) based on the maximum amount available per trademark willfully counterfeited and infringed, per type of good and service offered, as well as attorneys' fees and costs, and awarding profits, damages, and fees, to the full extent available, pursuant to Sections 349 and 360-l of the New York General Business Law, and punitive damages to the full extent available under the common law;

5.      Awarding Plaintiff its actual damages and Defendants' profits in connection with Defendants' willful copyright infringement;

6.      Alternatively, awarding Plaintiff statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504 and 505;

7.    Awarding Plaintiff exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

8.    Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and 17 U.S.C. §§ 504 and 505;

9.    Awarding Plaintiff interest, including prejudgment interest, on the foregoing sums.

10.    Awarding Plaintiff such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated:    New York, New York
          November 7, 2017

Respectfully Submitted,

KUSHNIRSKY GERBER PLLC

By: _____
Andrew Gerber (AG 0779)
Ilya Kushnirsky (IK 3899)
andrew@kgfirm.com
ilya@kgfirm.com

27 Union Square West, Suite 301
New York, NY 10003
(212) 882-1320

*Attorneys for Death Adders Inc.*

21

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office



**Reg. No. 4,205,891**

**Registered Sep. 11, 2012**

**Int. Cls.: 18 and 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

DEATH ADDERS INC. (NEW YORK CORPORATION)
350 BROADWAY
BROOKLYN, NY 11211

FOR: BACKPACKS; DUFFEL BAGS; MESSENGER BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 2-1-2007; IN COMMERCE 2-1-2007.

FOR: HATS; JACKETS; POLO SHIRTS; SHIRTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 2-1-2007; IN COMMERCE 2-1-2007.

THE MARK CONSISTS OF AN IMAGE OF A STYLIZED EYEBALL LOOKING TOWARDS THE TOP RIGHT.

SER. NO. 85-538,059, FILED 2-9-2012.

JILL PRATER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

23

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

**VA 1-867-122**

**Effective date of registration:**

April 2, 2013

## Title

**Title of Work:** Keep Watch Eyeball

**Title of Larger Work:** XLR8R

**Number** 110    **Date on Copies** September

**On Pages**    43

## Completion/Publication

**Year of Completion:** 2007

**Date of 1st Publication:** February 1, 2007    **Nation of 1st Publication:** United States

## Author

- **Author:** Mikhail Bortnik

  **Pseudonym:** MISHKA NYC

  **Author Created:** 2-D artwork

  **Work made for hire:** No

  **Citizen of:** United States    **Domiciled in:** United States

  **Year Born:** 1978

  **Anonymous:** Yes    **Pseudonymous:** Yes

- **Author:** Gregory Rivera

  **Pseudonym:** MISHKA NYC

  **Author Created:** 2-D artwork

  **Work made for hire:** No

  **Citizen of:** United States    **Domiciled in:** United States

  **Year Born:** 1979

  **Pseudonymous:** Yes

## Copyright claimant

Page 1 of 2